IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AG KENNEDY,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 24-CV-1155 |
| | : | |
| **ALLEGIS GROUP,** *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**PADOVA, J.**                                                                                              **APRIL 29, 2024**

Currently before the Court are an employment discrimination Complaint filed by Plaintiff AG Kennedy pursuant to the Age Discrimination in Employment Act ("ADEA"), and Kennedy's Motion to Proceed *In Forma Pauperis*. For the following reasons, the Court will grant Kennedy leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice to her filing an amended complaint.

**I.      FACTUAL ALLEGATIONS**[1]

Kennedy brings her Complaint against Allegis Group and Actalent. (Compl. at 1, 2.) Although unclear, she also appears to name as Defendants Stephanie Vargas, a Human Resources Associate at Allegis Group, and two Human Resources Mangers at Actalent — S. Wiley and M. Williams. (*Id.* at 2.) Kennedy alleges that she was recruited by Actalent and hired to work as a Program Business Analyst at Allegis Group in November 2022. (*Id.* at 4.) The Complaint suggests that Kennedy was employed in Pennsylvania and Maryland, although it is unclear on this point. (*Id.*) The gist of Kennedy's Complaint is that she was terminated in March 2023 based on

---

[1] The following allegations are taken from the Complaint and documents attached to the Complaint. The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

her age (she was sixty-four at the time she was hired) in violation of the ADEA and related state laws.  (*Id.* at 3, 4.)

For the factual basis in support of her claims, Kennedy relies on the charge of discrimination she filed with the Maryland Commission on Civil Rights.  (*Id.*; ECF No. 1-3.)  In that charge, she alleged that in November 2022 she was recruited to work as a Program Analyst with Allegis Group and "placed to work at the US Army."  (ECF No. 1-3 at 1.)  Kennedy alleges that she met the recruiting team on December 7, 2022 "post-interview" and that Defendant Mark Williams, a recruiter, made "passive aggressive comments" and "the age difference was very apparent."  (*Id.*)  On January 19, 2023, Defendants Williams and Wiley told Kennedy she was "cleared to work."  (*Id.*)  However, on January 24, Kennedy received "a conflicting email" from Defendant Vargas, which informed Kennedy she was being given "a pre-adverse action from the agency responsible for the background check."  (*Id.*)  On January 29, Kennedy "once again submitted the documentation, provided as of December 19, 2022, with [her] application for purposes of the background check."  (*Id.*)  She alleges that she had submitted the same material three times.  (*Id.*)

Kennedy learned that she was terminated on March 8, 2023, when she experienced issues with her timecard.  (*Id.* at 2.)  She later spoke with Defendant Vargas, who informed Kennedy that "they were not able to verify [her] background."  (*Id.*)  She then received an email from Defendant Wiley informing her that they "would be parting ways."  (*Id.*)  Kennedy claims, however, that she was terminated without cause in violation of the ADEA and related state employment laws.  (Compl. at 3, 4.)  She seeks damages.  (*Id.* at 4.)

## II. STANDARD OF REVIEW

Because Kennedy appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, her Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). "[T]he plausibility paradigm . . . applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted).

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). This requires the Court to remain flexible, especially considering a litigant's *pro se* status. *Id.* The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant also "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.*

### III.  DISCUSSION

Federal law "proscribe[s] discrimination in employment based on several personal characteristics" including age. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing, *inter alia*, 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623); *see also Fowler v. AT&T, Inc.*, 19 F.4th 292, 298 (3d Cir. 2021) (stating that claims under the ADEA align with claims under Title VII). Specifically, the ADEA prohibits discrimination against individuals who are over forty years of age. *See* 29 U.S.C. § 631(a).

A plaintiff may state an age discrimination claim by pleading a *prima facie* case, *i.e.*, by alleging that: (1) the plaintiff is at least forty years old; (2) the plaintiff was qualified for the position in question; (3) the plaintiff suffered an adverse employment decision; and (4) the plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive. *See Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (quotation omitted). Such allegations, however, are not necessary for a claim to be plausible. *Id.* Rather, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation omitted). In other words, there must be sufficient facts alleged in the complaint to support an inference of age discrimination. *See Martinez*, 986 F.3d at 266 ("In an age-

discrimination suit, the legal conclusion that the plaintiff needs to win is that the employer took the adverse action because of the plaintiff's age."). Kennedy's state law claims are analyzed coextensively with the ADEA. *See Fasold v. Justice*, 409 F.3d 178, 184 n.8 (3d Cir. 2005) ("[W]e will interpret the implicated provisions of the ADEA and PHRA [the Pennsylvania Human Relations Act] as applying identically in this case and as being governed by the same set of decisional law.") (citation omitted); *Allen v. Baltimore Cnty. Bd. of Educ.*, No. 21-1006, 2023 WL 5352416, at *26 (D. Md. Aug. 21, 2023) (applying "the same standards to the analysis of the [Maryland] and federal discrimination claims" (quotation and citation omitted)).

Kennedy has adequately alleged that she qualifies for protection under the ADEA since she asserts she was sixty-four at the time she was hired and that she suffered an adverse employment action when she was terminated. For purposes of statutory screening, the Court presumes without deciding that she was qualified for the position of Program Business Analyst since she had just been hired for the position. However, the Complaint does not raise sufficient factual allegations to support an inference that Kennedy's termination was motivated by age discrimination. Kennedy alleges that she was recruited and hired in November 2022, but terminated in March 2023 following a communication in January when she was "given a pre-adverse action from the agency responsible for the background check." (ECF No. 1-3.) Vargas, an employee of Allegis Group, (Compl. at 2), informed Kennedy that she had been terminated because "they were not able to verify [her] background." (ECF No. 1-3.)

The Court understands Kennedy to be alleging that the reason she was given for her termination was pretext for age discrimination. The only allegations that could potentially support such an inference are: (1) when Kennedy met with an unspecified number of recruiters on December 7, of which Williams was one, Williams made unspecified "passive aggressive comments"; and (2) the age difference (presumably the age difference between Kennedy and

Williams, although this is unclear) "was very apparent." (*Id*.) However, Kennedy's allegation that Williams made "passive aggressive comments" is wholly conclusory; she does not describe the comments or provide any context from which one could conclude that she was the victim of any age-related bias based on those comments. Additionally, nothing in the Complaint reflects that Williams, who is identified as an employee of Actalent, (Compl. at 2), had anything to do with the decision to terminate Kennedy's employment with Allegis or that he played any role in her background check.[2] Further, it is wholly unclear how the fact that there was an age difference between Kennedy and one of the recruiters translates into an age discrimination claim, especially under the circumstances described here.

In sum, Kennedy has offered conclusory allegations of age discrimination supported only by vague or tangential allegations insufficient to raise a reasonable expectation that discovery will reveal evidence of age discrimination. Accordingly, her claims are not plausible and will be dismissed. *See, e.g., Niculcea v. Stone Ridge Towne Ctr.*, No. 22-1577, 2022 WL 17484280, at *1 (3d Cir. Dec. 7, 2022) (*per curiam*) ("Niculcea asserted that the Stone Ridge employee who provided statements against her about the incident of resident abuse of which she was accused was younger than her. She otherwise made conclusory allegations that she was terminated because of her age. These allegations failed to state a plausible claim under the ADEA.") (citation omitted); *Alja-Iz v. U.S. Virgin Islands Dep't of Educ.*, 626 F. App'x 44, 47 (3d Cir. 2015) (*per curiam*) (plaintiff's allegations "that he applied, that he was qualified, that he received 'negative' email

---

[2] In accordance with the ADEA, "[i]t shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age." 29 U.S.C. § 623(b). Kennedy does not allege that Actalent refused to refer her for employment. Rather, she says they did refer her and she was apparently hired pending a background check from the Army. She also does not say how Actalent otherwise discriminated against her.

responses, and that he was told he would not be hired" were insufficient to state a race or age discrimination claim). Kennedy's ADEA claims against Vargas, Wiley and Williams fail for the additional reason that the ADEA does not provide a basis for liability against individual defendants. *See Parikh v. UPS*, 491 F. App'x 303, 308 (3d Cir. 2012) (*per curiam*) ("Neither Title VII nor the ADEA provides for individual liability.") (citation omitted); *Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n.29 (3d Cir. 2006) ("Hill did not bring an ADEA claim against Mayor Marino himself, nor could he have because the ADEA does not provide for individual liability.").

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Kennedy leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Kennedy will be given an opportunity to file an amended complaint in the event she can articulate additional facts in support of her age discrimination claims. Her ADEA claims against the individual Defendants, however, will be dismissed with prejudice because amendment of those claims would be futile. An appropriate order follows, which contains additional instructions as to amendment.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.